UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  3:15cr7/RV/CJK
           3:16cv27RV/CJK

JIMMIE A. McCORVEY,
_____/

## REPORT AND RECOMMENDATION

This matter came before the court on a hearing on Defendant Jimmie A. McCorvey's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 179). The lone claim raised in Mr. McCorvey's motion asserted he was denied the effective representation of counsel on direct appeal. The Government conceded in its response that a hearing was warranted, (ECF No. 183), and the court held a hearing on the matter. After reviewing the record and the arguments presented, the undersigned concludes that Mr. McCorvey is entitled to relief.

## BACKGROUND AND ANALYSIS

Defendant Jimmie A. McCorvey pleaded guilty to attempt and conspiracy to commit mail fraud and aggravated identity theft pursuant to a written plea agreement. (ECF Nos. 106-108). The court sentenced him to a term of 72 months

imprisonment. (ECF No. 144). Mr. McCorvey filed a timely notice of appeal (ECF No. 150), but the Eleventh Circuit dismissed the appeal on September 24, 2015 for want of prosecution due to the failure to timely file a Transcript Order Form. (ECF No. 174). Mr. McCorvey filed the instant § 2255 motion in January of 2016, contending that counsel was constitutionally ineffective because he did not file an appellate brief and thus failed to "preserve or prosecute" Mr. McCorvey's appeal. (ECF No. 179). After reviewing the Government's response, this court appointed counsel to represent Mr. McCorvey and scheduled a hearing in this cause. Present were Alicia Kim for the Government, Defendant Jimmie McCorvey and his appointed attorney Ron Johnson, as well as Mr. McCorvey's former retained counsel Kenneth Williams.

The parties agreed at the outset of the hearing that a direct appeal from a federal criminal conviction is a matter of right, and that Mr. McCorvey was due some remedy with respect to his direct appeal. In order to clarify the record, Mr. Williams gave narrative testimony about his representation of Defendant, the majority of which is not germane to the core issue in this case. Counsel stated that he never intended to represent Mr. McCorvey on appeal, and he noted that during their post-sentencing conversation about an appeal, his former client had expressed

his intent to retain other private counsel and had consulted with at least three other criminal defense attorneys. Mr. Williams testified that despite conversations with AUSA Ms. Kim about the procedures for withdrawing, he did not move to withdraw, in part because of his belief that he would have to obtain his client's signature on such a motion. In response to questioning from the Government, counsel also stated that he filed neither a motion to allow his client to proceed *in forma pauperis* nor a motion for appointment of the Federal Public Defender. Finally, counsel testified that, while he could not say for certain that he did not receive any correspondence from the Eleventh Circuit with respect to Defendant's appeal, he did not recall reviewing any such correspondence. During his testimony Mr. Williams moved *ore tenus* to withdraw from further representation of Defendant. The court asked Mr. McCorvey whether he had any objection to this, and he stated that he did not.

The court advised Mr. McCorvey of its intent to recommend that relief be granted. The court then explained to Mr. McCorvey at some length that "winning" on his habeas motion meant that his appeal, or appellate rights, would be reinstated, not that the conviction would be vacated. The court noted that the question as to whether Mr. McCorvey had any meritorious issues to raise on appeal was not before it, but that appointed counsel would review the case to make this determination.

Case Nos.: 3:15cr7/RV/CJK; 3:16cv27/RV/CJK

The court explained to Mr. McCorvey that an attorney, in a hypothetical case, is ethically obligated not to file a brief if no meritorious appellate issues appear, but that the defendant could submit a brief on his own. With respect to any additional questions about the appellate process, the court advised Mr. McCorvey to talk to his appointed counsel, whether that was Mr. Johnson or another attorney.[1]

Defendant McCorvey is entitled to relief on his claim that counsel was constitutionally ineffective with respect to the appeal, and therefore that Mr. McCorvey is entitled to pursue appellate review of his case, either through reinstatement of the appeal,[2] or, should the Court of Appeals decline to reinstate, through a belated appeal after re-entry of judgment in this case.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's Motion to Vacate, Set Aside or Correct Sentence be **GRANTED** to the extent that Mr. McCorvey be allowed reinstatement of his appeal or, alternatively, a belated appeal.

---

[1] At the hearing, although Mr. Johnson indicated that his client did not seem to like the advice Mr. Johnson was giving him and that perhaps appointment of another attorney would be advisable, Mr. McCorvey stated that he would like to have Mr. Johnson continue as counsel for purposes of the appeal.

[2] This court, of course, does not have jurisdiction to direct the Eleventh Circuit to reinstate Mr. McCorvey's appeal.

Case Nos.: 3:15cr7/RV/CJK; 3:16cv27/RV/CJK

2. That the *ore tenus* motion of Attorney Kenneth Williams be granted and he be permitted to withdraw as counsel of record with no further responsibility in this cause.

3. That the Federal Public Defender be appointed to represent Mr. McCorvey for appeal, with the understanding that CJA counsel Ron Johnson will continue to represent Mr. McCorvey.

4. That the clerk of this court provide a copy of the order granting relief to the Eleventh Circuit Court of Appeals referencing the now closed Eleventh Circuit case number, 15-13383-D.

At Pensacola, Florida, this 9th day of June 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:15cr7/RV/CJK; 3:16cv27/RV/CJK

Page **6** of **6**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.