UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case Nos.:   3:15cr7/RV/CJK
                                                   3:18cv1536/RV/CJK

JIMMIE A. McCORVEY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Jimmie A. McCorvey has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 215). The Government filed a response (ECF No. 217), and Defendant filed a reply as well as a "Motion for Bond Pending Decision on § 2255." (ECF Nos. 218, 219). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After review of the record, I recommend the § 2255 motion be granted.

Case Nos. 3:15cr7/RV/CJK; 3:18cv1536/RV/CJK

BACKGROUND

Defendant Jimmie A. McCorvey pleaded guilty to two counts of conspiracy to commit mail fraud and one count of aggravated identity theft. (ECF Nos. 106-08.) The offense conduct comprised two forms of fraud. Defendant and others filed false claims seeking reimbursement for losses allegedly incurred as a result of the BP oil spill, and Defendant alone filed twenty-six fraudulent tax returns seeking unauthorized refunds from the Internal Revenue Service. The district court sentenced Defendant to a total term of 72 months imprisonment in July 2015. (ECF Nos. 106-08, 144, 145.)

Defendant filed a notice of appeal and unsuccessfully moved to stay judgment pending appeal. (ECF Nos. 158, 160.) The Eleventh Circuit dismissed the appeal for want of prosecution on September 24, 2015. (ECF No. 174.) In January 2016, Defendant filed a § 2255 motion claiming his retained attorney, Kenneth L. Williams, was constitutionally ineffective for failing to pursue the properly filed appeal. (ECF No. 179.) I recommended the motion be granted, and the district court entered an order to that effect, following which Defendant unsuccessfully appealed. (ECF Nos. 190, 191, 211.) Appointed attorney Ronald Johnson filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Eleventh Circuit affirmed on July 31, 2017, after its independent review of the record found no arguable issues of merit.

Case Nos. 3:15cr7/RV/CJK; 3:18cv1536/RV/CJK

Defendant filed the present motion to vacate in July 2018, contending the sentencing court erred in its loss calculation.  (ECF No. 215.)  Although Defendant's motion focuses on the alleged district court "error," Defendant also states he was "without effective assistance of counsel at sentencing." (ECF No. 215 at 19.)  In light of Defendant's *pro se* status, the court liberally construes this statement as a claim sentencing counsel was constitutionally ineffective.

The Government responded in opposition to Defendant's motion.  It notes not only that Defendant raised a claim of district court error in calculating the loss amount on appeal, but also that such a claim is not cognizable in a § 2255 motion.  The Government further asserts Defendant cannot claim ineffective assistance of appellate counsel for failure to raise this claim because Defendant had the opportunity to raise it himself.  (*Id.* at 4.)  However, the Government did not address whether counsel was ineffective at sentencing in not properly advancing an objection to the intended loss amount.  I now conclude sentencing counsel failed to object to an apparent mathematical error that affected Defendant's guidelines calculations and potentially his sentence.  For that, Defendant is entitled to relief.

Case Nos. 3:15cr7/RV/CJK; 3:18cv1536/RV/CJK

## ANALYSIS

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

The law is well established that a district court need not reconsider issues raised in a § 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234-35. Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Id.*, 466 U.S. at 689.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). In the case of alleged sentencing errors, such as Defendant alleges in this case, a defendant must demonstrate there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id*. at 203.

Defendant's Final Presentence Investigation Report ("PSR") contains a chart listing the fraud totals attributable to each of the seven individuals involved in the Gulf Coast Claims Facility ("GCCF") scheme. (ECF No. 132, PSR at pp. 12-13.) The first column of the chart lists the loss amounts requested and received by each individual conspirator. The numerical figures contained in the chart, which are identical to those in the chart in the Draft PSR (ECF No. 117), are imported from the narrative paragraphs of the PSR. All of these figures appear accurate with the exception of the loss amount of $70,642 reported as having been requested by Victor McDuffie.

Mr. McDuffie's conduct is detailed in Paragraph 25 of the PSR. (ECF No. 132, PSR ¶ 25.) Mr. McDuffie first requested $12,142 for lost earnings in October 2010. After receiving a check for $7,400 (less than the requested amount), he then requested an interim payment of $18,500 on December 23, 2010. In January 2011, Mr. McDuffie requested a $25,000 final payment, which he specified should be divided into five checks for $5,000 each. Mr. McDuffie's three requests thus totaled $55,642, not the $70,642 reflected in the chart.

The PSR calculated the total loss amount attributable to Defendant as $414,761.32. This amount included the $342,090.32 in intended loss reflected in the

GCCF fraud chart, plus an additional $72,761 in intended loss from twenty-six false and fraudulent tax returns Defendant filed. Under § 2B1.1(b)(1)(H) of the 2014 Guidelines Manual, a loss of more than $400,000 up to $1,000,000 corresponded to a fourteen level adjustment.

If the GCCF fraud chart had correctly reflected the loss amount attributable to Victor McDuffie as $55,642, the total loss attributable to Defendant would have been $399,761.32. This loss amount – now under $400,000 – corresponded to a twelve level increase in offense level, rather than the fourteen levels Defendant received. *See* U.S.S.G. § 2B1.1(b)(1)(G) and (H). Therefore, if counsel had objected to the mathematical error in the loss calculation, Defendant's total offense level would have decreased by two levels, and he also would have reaped the benefit of a decrease in the applicable guidelines range.

At sentencing, Defendant advised the court that he "[didn't] really understand how they came up with the numbers they got me charged with." (ECF No. 178 at 3.) The court responded that "the numbers are from the record information that we have." (*Id*.) Counsel declined to make any objections, and there was no further discussion of the loss amounts.

The court reiterated what was reflected in the PSR – that Defendant had an offense level of 23 with a criminal history category of II, and a guidelines range of 51 to 63 months on Counts One and Two, with a mandatory consecutive 24 month term on Count Three.  (ECF No. 178 at 4.)  After hearing Defendant's comments in allocution, the court awarded a two point reduction for acceptance of responsibility. (ECF No. 178 at 9-12.)  Defendant's adjusted total offense level became 21, which with a criminal history category of II, yielded an advisory guidelines range of 41 to 51 months.  Again, had counsel objected to the mathematical error in the PSR, Defendant's total offense level would have been 19, and the applicable guidelines range would have been reduced even further, to 33 to 41 months on Counts One and Two.

In imposing sentence, the court stated "this sentence is reasonable, and a sentence lower than the advisory guideline range would not be sufficient based upon the fraudulent conduct that occurred for approximately 18 months in this case." (ECF No. 178 at 15.)  I cannot conclude from this observation that there would have been no difference in Defendant's sentence if counsel had made an appropriate objection.

CONCLUSION

Based on the foregoing, I find Defendant's lawyer at sentencing was constitutionally ineffective because he failed to object to a guidelines miscalculation that impacted Defendant's total offense level, and likely his sentence.  I therefore recommend the § 2255 motion be granted and this case set for re-sentencing.  In light of this recommendation, I believe it appropriate to defer ruling on the motion for bond (ECF No. 212) to the district court.

Accordingly, it is respectfully **RECOMMENDED**:

Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 215), be **GRANTED**, and this case be set for re-sentencing.

At Pensacola, Florida, this 20th-day of November, 2018.

/s/ Charles J. Kahn, Jr.

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos. 3:15cr7/RV/CJK; 3:18cv1536/RV/CJK